UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| **LECO SUPPLY, INC.**<br><br>                       **Plaintiff,**<br><br>  v.<br><br>**UNITED STATES,**<br><br>                       **Defendant.** | Court No. 21-cv-00136 |

## **COMPLAINT**

Plaintiff Leco Supply, Inc. ("Leco Supply"), by and through its undersigned counsel, on information and belief alleges the following:

### **ADMINISTRATIVE DETERMINATION TO BE REVIEWED**

1. This action is an appeal from U.S. Customs & Border Protection ("CBP") decision H315522 (February 24, 2021), which is CBP's final administrative determination in response to Leco Supply's request for review of the initial determination in Enforce and Protect Act ("EAPA") Consolidated Case Number 7357. *See* H315522 (February 24, 2021) ("H315522").

2. CBP notified all interested parties of H315522 on February 25, 2021 via email service. The contested decision was not published in the Federal Register.

### **JURISDICTION**

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1581(c), on the grounds that this action is commenced pursuant to Section 517(g) of the Tariff Act of 1930, *as amended* by the EAPA, 19 U.S.C. § 1517(g).

1

## STANDING

4. Leco Supply is a United States importer of merchandise and a subject of CBP's evasion investigation in Cons. Case No. 7537, and is an interested party within the meaning of 19 U.S.C. § 1517(a)(6) and 28 U.S.C. § 2631(k)(1).

5. As the party adversely affected or aggrieved by CBP's final administrative determination in H31552, Leco Supply has standing to bring this action pursuant to 28 U.S.C. § 2631(i).

## TIMELINESS

6. Leco Supply commenced this action by filing a Summons concurrently with this Complaint. The Summons and Complaint are being filed within thirty days from the date that CBP published H315522 by providing email service to all interested parties. The Summons and Complaint are therefore timely filed pursuant to 19 U.S.C § 1517(g)(1).

## STANDARD OF REVIEW

7. CBP's final administrative determination in an EAPA investigation is subject to the standard of review set forth in 19 C.F.R. § 1517(g)(2): "the United States Court of International Trade shall examine (A) whether the Commissioner fully complied with all procedures under subsections (c) and (f); and (B) whether any determination, finding, or conclusion is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." *See* 19 U.S.C. § 1517(g)(2).

## STATEMENT OF FACTS

8. On October 2, 2019, domestic manufacturer M&B Metal Products Company, Incorporated

("M&B") filed revised EAPA allegations of evasion against 10 importers of steel wire hangers: N&M Hangers LLC ("N&M Hangers"); Direco International LLC ("Direco"); PNJ Import, Inc. ("PNJ Import"); LGA Trading Inc. ("LGA Trading"); Chungwha Prince Group Corporation ("Chungwha"); WHL International Inc. ("WHL International"); Wah Hing Lee Investment, Inc. ("Wah Hing Lee"); SK Supply Corp. ("SK Supply"); KS Supply; and Leco Supply.

9. On October 25, 2019, CBP's Trade Remedy Law Enforcement Directorate ("TRLED") decided to initiate an EAPA investigation of Leco Supply, assigned case number 7370. *See* Memorandum to Regina Walton, Acting Director, Enforcement Operations Division, "Initiation of Investigation for EAPA Case Number 7370 – Leco Supply" (October 25, 2019). At the same time, TRLED initiated EAPA investigations for the other 9 importers that were the subject of evasion allegations by M&B.

10. On or around November 12, 2019, CBP issued a CF28 Request for Information to Leco Supply. Leco Supply submitted the requested information on December 3, 2019. *See* Leco Supply CF28 Response.

11. On January 30, 2020, CBP consolidated the ten EAPA investigations and issued a notice of investigation and interim measures taken in EAPA Cons. Case Number 7357. *See* CBP Letter, "Notice of Initiation of Investigation and Interim Measures – EAPA Cons. Case Number 7357" (January 30, 2020). The stated purpose of the investigation was to determine whether entries of merchandise purchased from Truong Hong Development Multidisciplinary Group Ltd. ("Truong Hong") and imported from Laos evaded antidumping and countervailing duties ("AD/CVD") on steel wire garment hangers from Vietnam (A-552-812/C-552-813). *Id*. at 4. The Period of Investigation ("POI") for Cons. Case No. 7357 was October 3, 2018 through the pendency of the investigation. *Id*. at 2-3.

12. On January 31, 2020, CBP sent 17 emails to Leco Supply and the other interested parties in

Cons. Case No. 7357, which it characterized as service of the public administrative record in the investigation. The public administrative record attached in the 17 emails included the following:

a. Public versions of M&B's allegations against Leco Supply and the other nine importers subject to the investigation. Exhibits 4 and 7 to M&B's allegations against Leco Supply, titled "Foreign Market Research Report" and "M&B's Calculation of Estimated Equipment List" respectively, were designated as confidential business information and omitted from the public version in their entirety, with only a single sentence "public summary" of each. *See* Letter from M&B, "EAPA Duty Evasion Allegation concerning Steel Wire Garment Hangers Imported from Laos— Importer: Leco Supply" (October 2, 2019). No explanation was provided as to why the documents constituted business confidential information or why they were permitted to be redacted in their entirety.

b. CBP Memos to the File dated October 25, 2019 with regard to each individual case number.

c. 44 PDFs titled as "DC NTAC" Reports, each of which consisted of a single page that stated "DOCUMENT NOT CAPABLE OF SUMMARY – ANALYSIS REPORT." No indication was provided as to what was analyzed in the reports.

d. A January 27, 2020 Memo to the File with the subject "Additional Information," which was entirely redacted with the exception of four words. No public summary was provided.

e. A second January 27, 2020 Memo to the File with the subject "CBP Data," which stated that "attachments are business propriety in its entirety and not subject to public summary."

13. On February 18, 2020, CBP issued a Request for Information ("RFI") to Leco Supply, in which it requested information about Leco Supply's import practices and procedures and corporate structure, as well as extensive records for Leco Supply's imports of steel wire garment hangers

from Laos during the POI, purchases and sales records for such hangers, and evidence corroborating that the hangers were manufactured in Laos. *See* CBP Memorandum to Leco Supply, "Request for Information to Importer with regards to Enforce and Protect Act investigation (Cons. 7357) of whether Leco Supply Inc. has evaded Antidumping and Countervailing Duty Orders on steel wire garment hangers from the Socialist Republic of Vietnam (Vietnam), A-552-812 and C-552-813" (February 18, 2020) ("Leco Supply RFI").

14. On or around March 10, 2020, Truong Hong submitted certain information and/or documents to CBP in response to a request for information. *See* H315522 at 9, fn 22. CBP did not at any point in the course of the investigation or administrative review make that information and/or documents available to Leco Supply. *Id*.

15. On March 24, 2020, Leco Supply submitted its response to the February 18, 2020 RFI. *See* Leco Supply, "Supplemental Response to Importer Request for Information (RFI)" (March 24, 2020).

16. On information and belief, some or all of the importers under investigation in Cons. Case No. 7357 submitted RFI responses in March or April 2020. Some importers properly served a public version of their RFI responses on all interested parties, including Leco Supply. However, Leco Supply did not receive a public version of the RFI responses of Direco, Wah Hing Lee, or WHL.

17. On or around April 8, 2020, counsel for Leco Supply received a telephone call from CBP, in which CBP stated that it intended to reject Leco Supply's RFI response and require it to be resubmitted, on the grounds that the submission "over-bracketed" information that did not qualify as business confidential information. Counsel for Leco Supply objected to this action on the grounds that it was overly burdensome and inconsistent with CBP's actions with regard to other parts of the administrative record, in which it had allowed entire documents to be

redacted from the public version.

18. On April 8, 2020, counsel for Leco Supply sent an email to CBP objecting to CBP's stated intent to reject Leco Supply's RFI response for over-bracketing, on the grounds that "CBP has allowed M&B Metal Products Company, Incorporated, to bracket BPI documents in their entirety and to submit public versions that contain only a general summary of the document." *See* Email from Heather Jacobson to Patricia Tran and Kareen Campbell, "EAPA Cons. Case No. 7357: Bracketing and Summary of BPI" (April 8, 2020).

19. On April 13, 2020, having received no response from TRLED to the April 8, 2020 email, counsel for Leco Supply reiterated its objections to the disparate treatment of Leco Supply and M&B with respect to bracketing requirements. *See* Email from Heather Jacobson to Patricia Tran and Kareen Campbell, "Re: EAPA Cons. Case No. 7357: Leco Supply Rebracket" (April 13, 2020).

20. On or around April 14, 2020, TRLED informed counsel for Leco Supply via telephone that it did not consider its regulations with regard to bracketing to apply to information placed on the record by the petitioner or by CBP, and that Leco Supply would be required to re-bracket and resubmit its RFI response.

21. On April 27, 2020, Leco Supply resubmitted its response to the RFI with bracketing conforming to CBP's instructions. *See* Leco Supply, "Supplemental Response to Importer Request for Information (RFI)" (April 27, 2020).

22. On June 9, 2020, CBP issued a Supplemental Request for Information to Leco Supply, in which CBP requested clarification or further information related to Leco Supply's RFI response. CBP Memorandum to Leco Supply, "Supplemental Request for Information to Importer with regards to Enforce and Protect Act investigation (Cons. 7357) of whether Leco Supply Inc. has

evaded Antidumping and Countervailing Duty Orders on steel wire garment hangers from the Socialist Republic of Vietnam (Vietnam), A-552-812 and C-552-813" (June 9, 2020) ("Supplemental RFI"). As attachments to the Supplemental RFI, CBP included the business confidential version of three documents placed on the administrative record by CBP: two audited financial statements, and an individual's email signature block. CBP did not explain why it designated information in the attachments as confidential, or under what regulation it could provide Leco Supply with the confidential information in those documents when it claims to be unable to release business confidential information to interested parties.

23. On June 15, 2020, CBP served on the interested parties public versions of the Supplemental RFIs sent to the importers under investigation. All of the Supplemental RFIs attached public versions of confidential documents apparently placed on the record by CBP. CBP did not make these or other documents that it placed on the record available to Leco Supply by direct service or any other means.

24. On July 2, 2020, Leco Supply submitted a complete response to the Supplemental RFI. *See* Leco Supplemental RFI Response (July 2, 2020).

25. On July 29, 2020, CBP requested that Leco Supply prepare and submit to CBP a confidential and public version of its December 3, 2019 response to CBP's initial CF28 Request for Information, "so that we may release, via email, the public version to the parties to the investigation." *See* Email from CBP to Heather Jacobson, "EAPA Cons Case No. 7357 – Leco Supply Bracketing CF-28" (July 29, 2020). The request stated that "If Leco fails to respond to CBP's request by the deadline, then the entirety of Leco's CF-28 response may be considered a public document because a request was not made to CBP for business confidential treatment. As such, the original CF-28 response may be provided to the parties to the investigation." *Id*.

26. On August 4, 2020, Leco Supply submitted to CBP confidential and public versions of its initial CF28 response.

27. CBP did not at any point provide Leco Supply with public versions of the CF28 responses of the other interested parties.

28. On August 17, 2020, M&B submitted written arguments in Cons. Case No. 7357, arguing that there is substantial evidence on the record to support an affirmative determination of evasion by all ten importers, including Leco Supply. *See* Letter from M&B, "EAPA Investigation of Steel Wire Garment Hangers Imported from Laos (EAPA Cons. Case No. 7357): Written Argument of M&B Metal Products Company, Inc." (August 17, 2020).

29. On August 20, 2020, Leco Supply submitted written arguments arguing that the evidence on the administrative record failed to meet the legal standard of providing "substantial evidence" that Leco Supply evaded antidumping or countervailing duties. *See* Letter from Leco Supply, "EAPA Consolidated Case No. 7357 - Written Arguments of Leco Supply Inc." (August 20, 2020). Leco Supply emphasized that even taking M&B's allegations of production capacity as true, Leco Supply's importation of two containers during the POI easily fell within that capacity, and that Leco Supply had placed extensive documentary evidence on the record that the wire hangers it imported were manufactured in Laos. *Id.* at 4-8. Leco Supply further argued that allegations by M&B of involvement of Truong Hong principals in Vietnamese entities involved in wire hanger production, and similarities of Truong Hong invoices to invoices of such entities, is not indicative of transshipment even if taken as true. *Id.* at 8-10.

30. CBP did not conduct a site visit to the Laos factory in question in order to corroborate any of the evidence placed on the record.

31. On October 26, 2020, CBP issued a Notice of Determination as to Evasion in Cons. Case No. 7357 ("Initial Evasion Determination"). As a result of Truong Hong's failure to provide a

substantive RFI response, CBP applied adverse inferences not only against Truong Hong but against all ten importers, including Leco Supply, and dismissed the "copious documents" provided by importers including Leco Supply as "unreliable." *See* Initial Evasion Determination at 8. On the basis of "information provided by the Alleger and {largely redacted} record evidence," CBP found that "the hangers" were actually made in Vietnam and that "the Importers" incorrectly claimed Laos as the country of origin for their imports. *Id*.

32. On November 25, 2020, Leco Supply timely submitted a request for *de novo* administrative review of CBP's initial Evasion Determination pursuant to 19 C.F.R. § 165.41. *See* Leco Supply Inc. Request for Administrative Review of Evasion Determination, Cons. Case No. 7357 (November 25, 2020) ("Administrative Review Request").

33. In its Administrative Review Request, Leco Supply asserted that the administrative record failed to establish substantial evidence that Leco Supply evaded antidumping or countervailing duties. *See* Administrative Review Request at 14. Leco Supply reviewed in detail the extensive documentation it submitted in the course of the investigation corroborating the manufacture of the wire hangers it imported in Laos, and argued that no evidence on the record contradicts or calls into question the veracity of that documentation. *Id*. at 9-13, 15-16.

34. Leco Supply next argued that CBP is required to analyze the evidence of Leco Supply's imports of wire hangers separately from the imports of the other importers in the consolidated investigation, and "may not make summary determinations about the importers under investigation as a whole or discount evidence submitted by Leco Supply due to inconsistencies or omissions in evidence applicable to other parties." *Id*. at 1, 17-20.

35. Leco Supply further argued that CBP's application of adverse inferences against Leco Supply violated the plain language of 19 U.S.C. § 1517(c)(3)(A). *Id*. at 1-2, 22-23.

36. Finally, Leco Supply, argued that its inability to access the business confidential information that formed the overwhelming basis for CBP's determination of evasion constituted a violation of its procedural due process rights under the Fifth Amendment of the United States Constitution. *Id*. at 2, 25-29.

37. On February 25, 2021, CBP served on all interested parties via email its final administrative determination, H315522, in which CBP continued to find substantial evidence of evasion with respect to Leco Supply's imports during the POI. *See* H315522

38. CBP ruled in H315522 that its application of adverse inferences to Leco Supply in its initial determination was in error, as Leco Supply had responded timely and properly to all of CBP's requests for information. *Id*. at 11.

39. Despite its reversal with regard to adverse inferences, CBP ruled in H315522 that "The record evidence indicates that the authenticity of much of the documentation as it pertains to the production of wire hangers by Truong Hong in Laos is in question. The issue of the reliability of the production documentation, coupled with the evidence demonstrating significant ties between Truong Hong and a Vietnamese company that produces covered merchandise, meets the standard of substantial evidence that evasion occurred" with respect to Leco Supply's imports from Laos." *Id*. at 9.

40. In its analysis, CBP relied heavily on documents on the record that it never made available to Leco Supply. Most specifically, CBP asserted that "The Summary of Facts Memorandum produced by OT's Regulatory Audit and Agency Advisory Services ("RAAAS") extensively details the reasons why Truong Hong-created documentation provided by Leco Supply and other importers is unreliable." *Id*. This was the first time that CBP acknowledged the existence of such a memorandum; CBP did not at any point inform Leco Supply that such a memorandum

had been created or provide a public summary thereof. CBP acknowledged that it redacted the Summary of Facts Memorandum "in full." *Id*.

41. CBP's evasion determination in H315522 also relied on information obtained from other parties' CF28 responses – public versions of which it never made available to Leco Supply despite expressly stating its intent to do so – and information from Direco International's RFI response, a copy of which Leco Supply never received. *Id*. at 10.

42. In support of its determination that the authenticity of "much of the documentation" regarding production of hangers in Laos is "in question," CBP cited to only a single piece of evidence – one receipt for packaging materials – and did not address the numerous other third-party invoices and bank records submitted by Leco Supply documenting production of wire hangers at Truong Hong's factory in Laos. *Id*. at 9.

43. CBP acknowledged in a footnote that "non-compliance with 19 C.F.R. § 165.4(a)(1) and (e) may have occurred." *Id.* at 9, footnote 22. Specifically, "TRLED did not provide a public summary of RAAAS's Summary of Facts Memorandum, labeling it as 'not capable of public summary' but TRLED failed to provide a full explanation of that claim as required pursuant to 19 C.F.R. § 165.4(e). This is also evidence in other documents TRLED placed on the record but redacted almost entirely as containing business confidential information without providing a public summary." *Id.* at 9, footnote 23. However, CBP continued to make a finding of evasion despite these expressly acknowledged deficiencies.

## STATEMENT OF CLAIMS

### COUNT I

44. The allegations in paragraphs 1 through 43 are restated and incorporated herein by reference.

45. An importer participating in an administrative proceeding has a procedural due process right

11

to "notice and a meaningful opportunity to be heard."  *PSC VSMPO-Avisma Corp. v. United States* , 688 F.3d 751, 761–62 (Fed. Cir. 2012) (quoting *LaChance v. Erickson*, 522 U.S. 262, 266 (1998)); *see also Royal Brush Manufacturing, Inc. v. United States,* Slip Op. 20-171 at 20 (Ct. Int'l Tr., Dec. 1, 2020) ("*Royal Brush*").

46. Due process "'forbids an agency to use evidence in a way that forecloses an opportunity to offer a contrary presentation.'  Thus, to comply with due process, Customs' procedures must afford adequate opportunity for importers to respond to the evidence used against them." *Royal Brush* at 22 (*quoting Bowman Transp., Inc. v. Arkansas-Best Freight System, Inc.,* 419 U.S. 281, 289 n.4 (1974)).

47. The final administrative determination of evasion in H315522 was based largely on evidence placed on the record by CBP, M&B, or other interested parties, that was designated as "business confidential."

48. The EAPA and its implementing regulations fail to provide any mechanism for Leco Supply or its legal representative to view the evidence on which CBP based its determination of evasion.

49. "[T]he very foundation of the adversary process assumes that use of undisclosed information will violate due process because of the risk of error." *American-Arab Anti-Discrimination Committee v. Reno*, 70 F.3d 1045, 1069 (D.C. Cir. 1995).

50. The denial of opportunity to view the business confidential record in Cons. Case No. 7537 foreclosed any opportunity by Leco Supply to rebut the purported evidence against it or to offer a contrary presentation.

51. As implemented, the EAPA fails to provide constitutionally mandated procedural due process.

52. Final evasion determination H315522, because it resulted from the constitutionally deficient

process established by the EAPA and its implementing regulations, is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.

## COUNT II

53. The allegations in paragraphs 1 through 52 are restated and incorporated herein by reference.

54. CBP acknowledged in H315522 that "TRLED did not provide a public summary of RAAAS's Summary of Facts Memorandum, labeling it as 'not capable of public summary' but TRLED failed to provide a full explanation of that claim as required pursuant to 19 C.F.R. § 165.4(e). This is also evidence in other documents TRLED placed on the record but redacted almost entirely as containing business confidential information without providing a public summary." H315522 at 9, footnote 23.

55. Other documents that CBP redacted in full without providing an adequate (or any) public summary include Exhibits 4 and 7 to M&B's allegations against Leco Supply; numerous DC NTAC "Analysis Reports" with respect to Leco Supply and the other importers; CBP's January 27, 2020 Memorandum to the File, "CBP Data;" and CBP's January 27, 2020 Memorandum to the File, "Additional Information."

56. CBP's acknowledged failure to provide Leco Supply with public summaries of all business confidential information on the administrative record violates 19 C.F.R. § 165.4(a)(1) and (e). CBP nevertheless went to make a final determination of evasion that was based in part on information in the RAAAS Summary of Facts Memorandum and other confidential documents, public versions of which were not provided to Leco Supply.

57. CBP's failure to comply with its own regulatory procedures established in 19 C.F.R. § 165.4 deprived Leco Supply of its procedural due process rights and was arbitrary, capricious, an

abuse of discretion or otherwise not in accordance with law.

### COUNT III

58. The allegations in paragraphs 1 through 57 are restated and incorporated herein by reference.

59. During the course of its investigation, CBP designated entire documents placed on the record by CBP and by M&B as "business confidential," thus depriving Leco Supply of any knowledge of the contents of the evidence of evasion such documents purportedly contained, while rejecting business confidential submissions by Leco Supply and other importers as "over-bracketed" where even a single page was wholly bracketed.

60. This disparate treatment of evidence placed on the record by the importers under investigation versus evidence placed on the record by CBP and M&B created a fundamentally unfair playing field, in which Leco Supply's accuser had access to all evidence placed on the record by Leco Supply, but Leco Supply was unable to view M&B or CBP's evidence against it.

61. CBP's application of significantly more stringent standards for treatment of business confidential information submitted by the importers under investigation in comparison to the standards applied to business confidential information submitted by CBP and M&B is arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law.

### COUNT IV

62. The allegations in paragraphs 1 through 61 are restated and incorporated herein by reference.

63. CBP's regulations implementing the EAPA require CBP to maintain an administrative record for each EAPA investigation. *See* 19 C.F.R. § 165.21.

64. CBP has not established any mechanism by which all public documents and public versions of

documents on the administrative record in an EAPA investigation may be viewed by the interested parties.

65. In Cons. Case No. 7357, CBP did not make the full public administrative record available to the interested parties, and did not at any time provide the interested parties time with a complete list of what documents were included in the administrative record.

66. As a result of CBP's failure to make all public documents on the administrative record available for review in a centralized manner, or even to advise the interested parties as to what documents the public administrative record comprised, Leco Supply was unable to determine whether the evidence that it received from CBP and other interested parties constituted the full administrative record.

67. Although the regulations require that parties serve public versions of submissions on all interested parties, CBP acknowledged in H315522 that it did not know whether Truong Hong did so, thus acknowledging that it did not ensure that all parties had access to the full public administrative record.

68. Based on references in other documents on the record and in H315522, Leco Supply is now aware that it was not provided public versions of other documents on which CBP relied in making its final determination of evasion.

69. CBP's failure to provide Leco Supply access to the full administrative record deprived Leco Supply of adequate opportunity to review and respond to the evidence as required by procedural due process, and is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.

## COUNT V

70. The allegations in paragraphs 1 through 69 are restated and incorporated herein by reference.

71. CBP failed to acknowledge or respond to Leco Supply's repeated statements that all evidence on the administrative record – including evidence submitted by M&B – indicates Truong Hong was capable of producing at <u>least</u> one container of hangers per month on average, which level of production was more than enough to accommodate Leco Supply's importations during the period of investigation.

72. CBP made passing reference in H315522 to a question of "if Truong Hong produced any wire hangers in Laos," indicating that it disregarded the uncontroverted record evidence that Truong Hong produced at least some wire hangers in Laos.  *See* H315522 at 10.

73. In its final administrative determination, CBP claimed that "the authenticity of much of the documentation as it pertains to the production of wire hangers by Truong Hong is in question." *Id*. at 9.  In support of this assertion, CBP cited to just one of the 22 exhibits that Leco Supply submitted as evidence for the specific shipment in question – a receipt for the boxes that Truong Hong purchased to package the hangers for shipment – and claimed that the evidence was suspect because the receipt was generated by Truong Hong rather than by the vendor.  *Id*.

74. CBP ignored direct evidence submitted by Leco Supply showing invoices and transportation records from third parties documenting purchase by, and delivery to, Truong Hong in Laos of steel wire, paper tubes and paper in the correct types and quantities for the production of Leco Supply's hangers, in the weeks just prior to the export of Leco Supply's shipment of hangers.

75. CBP further ignored bank wire transfer records submitted by Leco Supply, documenting payment by Truong Hong to the suppliers of the steel wire and paper tubes and papers, in the amounts invoiced.

76. In basing its assessment of "much of" the evidence submitted by Leco Supply on a single document relating to packaging, and disregarding entirely hard evidence relating to the actual materials used in production of the wire hangers in question, CBP knowingly and materially mischaracterized the record evidence.

77. CBP's finding of substantial evidence of evasion, because it was made in disregard of the record evidence, is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.

## COUNT VI

78. The allegations in paragraphs 1 through 77 are restated and incorporated herein by reference.

79. In order to make a determination of evasion, the burden is on CBP to determine that substantial evidence of evasion exists.

80. CBP's claim in H315522 that "Leco Supply cannot show that Truong Hong specifically produced the two (2) containers of wire hangers it imported into the United States," *see* H315522 at 10, applies an incorrect burden of proof under the EAPA.

81. Placing the burden on Leco Supply to prove production in Laos is inconsistent with the substantial evidence standard provided for in 19 U.S.C. § 1517(c)(1)(A), and is accordingly arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.

## COUNT VII

82. The allegations in paragraphs 1 through 81 are restated and incorporated herein by reference.

83. CBP's determination of evasion by Leco Supply was based in part on its determination that Truong Hong's production capacity was insufficient to match its exports to all ten importers

in the investigation, even though the record evidence indicates that its production capacity is more than sufficient to match its exports to Leco Supply. *See* H315522 at 10. Effectively, CBP determined that evasion must have occurred generally because CBP could not otherwise account for all of Truong Hong's shipments, and applied that general conclusion to Leco Supply's shipments without analyzing whether evasion occurred with regard to Leco Supply's shipments specifically.

84. CBP expressly refused to analyze Leco Supply's shipments separately from those of the other importers in Cons. Case No. 7357, stating that there is "no requirement…that this determination be broken out by each importer in the event that multiple EAPA investigations are consolidated." *Id*. at 11.

85. CBP's refusal to consider whether Leco Supply committed evasion separately from whether the other nine, completely unrelated importers may have done so, is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.

## PRAYER FOR RELIEF

WHEREFORE, Leco Supply requests that this Court:

(1) Hold unlawful and set aside CBP's evasion determination in H315522;

(2) Order CBP to refund to Leco Supply any monies collected as a result of its decision in H315522; and

(3) Grant such additional relief as the Court may deem just and proper.

Respectfully submitted,

/s/ Heather Jacobson
Heather Jacobson, Esq.
**JUNKER & NAKACHI, P.C.**
999 Third Avenue, Suite 2525
Seattle, WA 98104
Tel: (206) 774-0927
hjacobson@tradelawcounsel.com
*Counsel for Plaintiff Leco Supply Inc.*

Dated: March 25, 2021