UNITED STATES COURT OF INTERNATIONAL TRADE

**BEFORE: THE HONORABLE MARK A. BARNETT, JUDGE**

| | |
|---|---|
| **LECO SUPPLY, INC.**<br><br>                              **Plaintiff,**<br>**v.**<br><br>**UNITED STATES,**<br><br>                              **Defendant.** | **Court No. 21-cv-00136** |

<u>**ORDER**</u>

Upon consideration of Leco Supply Inc.'s ("Plaintiff" or "Leco Supply") Consent Motion for a Preliminary Injunction to enjoin liquidation of certain entries, and other papers herein, it is hereby:

**ORDERED** that Plaintiff's Consent Motion for a Preliminary Injunction is **GRANTED**; and it is further

**ORDERED** that the United States, together with its delegates, officers, agents, and servants, including employees of the United States Customs and Border Protection ("CBP"), shall be, and are hereby **ENJOINED**, pending a final and conclusive court decision in this litigation, including all appeals and remand proceedings, from issuing instructions to liquidate or from causing or permitting liquidation of any and all unliquidated entries of wire hangers exported from Laos that were:

   (1) Subject to CBP decision H315522 (February 24, 2021), which is CBP's final
       administrative determination in response to Leco Supply's request for review of the

initial determination in Enforce and Protect Act ("EAPA") Consolidated Case No. 7357;

(2) Imported by Plaintiff Leco Supply;

(3) Entered, or withdrawn from warehouse, for consumption on or after October 3, 2018, up to and including October 26, 2020, the date of completion of the investigation in Cons. Case No. 7357; and that

(4) Remain unliquidated as of 5:00pm on the day the Court enters the order enjoining liquidation on the docket of this action; and it is further

**ORDERED** that this injunction shall dissolve upon entry of a final court decision in this litigation, including all appeals and remand proceedings, and that the entries covered by this injunction shall be liquidated in accordance with that final decision.

_____
Mark A. Barnett
Chief Judge

Dated: _____, 2021
      New York, NY

UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE MARK A. BARNETT, JUDGE

| | |
|---|---|
| **LECO SUPPLY, INC.**<br><br>　　　　　　　　　　**Plaintiff,**<br><br>　　v.<br><br>**UNITED STATES,**<br><br>　　　　　　　　　　**Defendant.** | **Court No. 21-cv-00136** |

**PLAINTIFF'S CONSENT MOTION FOR PRELIMINARY INJUNCTION**

Pursuant to Rules 7, 56.2(a), and 65(a) of the United States Court of International Trade ("USCIT"), Plaintiff Leco Supply Inc. ("Plaintiff" or "Leco Supply") herein moves for a preliminary injunction restraining the United States ("Defendant"), together with its delegates, officers, agents, and servants, including employees of United States Customs & Border Production ("CBP"), from liquidating any and all unliquidated entries of wire hangers that were:

(1) Subject to CBP decision H315522 (February 24, 2021), which is CBP's final administrative determination in response to Leco Supply's request for review of the initial determination in Enforce and Protect Act ("EAPA") Consolidated Case No. 7357;

(2) Imported by Plaintiff Leco Supply;

(3) Entered, or withdrawn from warehouse, for consumption on or after October 3, 2018, up to and including October 26, 2020, the date of completion of the investigation in Cons. Case No. 7357; and that

1

(4) Remain unliquidated as of 5:00pm on the day the Court enters the order enjoining liquidation on the docket of this action.

For ease of reference, the above-described entries are hereafter referred to as "covered entries."

In accordance with USCIT Rule 7, this motion is made following consultation with, and with the consent of, Defendant.

This Court has authority to issue the requested preliminary injunction pursuant to 28 U.S.C. § 1585. *See* 28 U.S.C. § 1585; *see also Qingdao Taifa Group Co., Ltd. v. US*, 581 F. 3d 1375, 1378 (Fed. Cir. 2009) ("In international trade cases, the CIT has authority to grant preliminary injunctions barring liquidation in order to preserve a party's right to challenge the assessed duties."). A preliminary injunction is appropriate in this case because (1) Leco Supply will suffer immediate and irreparable injury without an injunction; (2) Leco Supply has a fair chance of success on the merits in this action; (3) the public interest would be better served by the relief requested; and (4) that the balance of hardship on all the parties favors Leco Supply. *See Qingdao Taifa Group Co. v. United States,* 581 F.3d 1374, (Fed. Cir. 2009); *U.S. Ass'n of Imps. of Textiles Apparel v. Dep't of Commerce*, 413 F.3d 1344, 1347 (Fed. Cir. 2005); *Zenith Radio Corp. v. United States*, 710 F.2d 806, 809 (Fed. Cir. 1983).

Pursuant to USCIT Rule 56.2(a), this motion is timely.

## STATEMENT OF FACTS

Leco Supply commenced this action with the timely filing of a Summons and Complaint, appealing from CBP's final administrative determination H315522, which found that certain entries of wire hangers imported by Leco Supply evaded the antidumping and countervailing ("AD/CVD") duty orders regarding wire hangers from Vietnam, A-552-812/C-552-813, and that

AD/CVD duties are owed with regard to such entries. Leco Supply's Complaint asserts that CBP's final determination of evasion is arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law, and that its entries are not subject to AD/CVD.

Pursuant to 19 C.F.R. § 165.28(c), CBP is authorized following an affirmative determination of evasion under the EAPA to require cash deposits or, where final assessed AD/CVD rates have already been determined by the Department of Commerce, to assess AD/CVD duties on entries of merchandise that were found to have been entered subject to evasion.

The period of investigation for EAPA Cons. Case No. 7357 was October 3, 2018 through the pendency of the investigation. Commerce has already determined final assessed AD/CVD rates for all entries of merchandise subject to A-552-812 and C-552-813 that were entered on or before January 31, 2020 (for A-552-812) or December 31, 2019 (for C-122-813), and has lifted suspension of liquidation for all such entries. *See* Commerce Message Nos. 011410 (April 23, 2020); 011422 (April 23, 2020); 9137312 (May 17, 2019); 9137314 (May 17, 2019). It is further anticipated that liquidation instructions for entries of subject merchandise during the periods of review February 1, 2020 – January 31, 2021 (for A-552-812) and January 1, 2020 – December 31, 2020 (for C-552-813) will be issued within the next month, since no requests for administrative review were filed for those time periods. Accordingly, absent an injunction, there is nothing to prevent CBP from liquidating the covered entries that are the subject of this appeal and assessing thereon antidumping and countervailing duties.

## DISCUSSION

A preliminary injunction is appropriate upon a showing that (1) without the requested relief, the movant will be irreparably and immediately injured; (2) the movant is likely to succeed on the merits; (3) granting the movant's requested injunction will be in the public interest; and (4)

the balance of hardships favors the movant. *See U.S. Ass'n of Imps. of Textiles & Apparel v. United States*, 413 F.3d 1344, 1346 (Fed. Cir. 2005); *Zenith*, 710 F.2d at 809.  Because all four criteria are satisfied in this case, a preliminary injunction is warranted.

### A. Leco Supply will be irreparably and immediately injured without the requested relief.

In the absence of the requested injunction, the covered entries will likely be liquidated by CBP at the AD/CVD rates for wire hangers from Vietnam, the applicability of which to Leco Supply's imports are the subject of the instant appeal.  Because liquidation constitutes legal finalization of duties on entries of merchandise, allowing liquidation to proceed would make any AD/CVD assessed at liquidation unrecoverable, depriving Leco Supply of its right to meaningful judicial review with respect to the covered entries.

"It has long been established that liquidation of entries after a final determination of duties for a particular period, before the merits can be litigated, is sufficient harm." *Qingdao Taifa Group Co. v. United States,* No. 08-00245, 2008 WL 4787488, at *1 (Ct. Int'l Trade Nov. 4, 2008) (citing *Zenith Radio Corp. v. United States*, 710 F.2d 806, 810 (Fed. Cir. 1983)).  The very act of liquidation constitutes immediate and irreparable harm, because liquidation "extinguishes the underlying res and the accompanying cause of action, stripping Court of the ability to provide a remedy to an importer." *Laclede Steel Co. v. United States*, 20 CIT 712, 717, 928 F. Supp. 1182, 1188 (1996).  This Court has granted a preliminary injunction in the only appeal from a final EAPA administrative decision to have reached that point in its proceedings.  *See Royal Brush Manufacturing Inc. v. United States*, Ct. No. 19-00198, November 27, 2019, ECF No. 13 (USCIT Filed November 27, 2019).

4

Without this Court's intervention, Leco Supply will be deprived of the opportunity for meaningful relief by the act of liquidation. The irreparable and immediate injury prong of the preliminary injunction test is therefore satisfied.

**B. Leco Supply is likely to succeed on the merits.**

Where (as here) a movant has shown that it will be irreparably harmed in the absence of an injunction, "the burden to show a likelihood of success is necessarily lower." *Qingdao*, 581 F.3d at 1381. This Court has ruled that the "greater the potential harm to the plaintiff, the lesser the burden on Plaintiffs to make the required showing of likelihood of success on the merits." *SKF USA Inc. v. United States*, 316 F. Supp.2d 1322, 1329 (Ct. Int'l tr. 2004). Although the movant "must demonstrate at least a fair chance of success on the merits," *see U.S. Ass'n of Imps. Of textiles Apparel v. Dep't of Commerce*, 413 F.3d 1344, 1347 (Fed. Cir. 2005) (internal quotes and citations omitted), in such cases the burden is considered met if the movant raises "questions which are 'serious, substantial, difficult and doubtful.'" *Timken Co. v. United States*, 6 CIT 76, 81, 569 F. Supp. 65, 70–71 (1983).

The Complaint in this action raises serious, substantial, difficult and doubtful questions of law with respect to the conduct of the investigation in Cons. Case No. 7357 and the basis for CBP's final administrative decision in H315522. Among other counts, Leco Supply's Complaint raises procedural due process claims with regard to CBP's failure to establish a mechanism for access by Leco Supply to confidential information used against it, as well as CBP's acknowledged failure to follow its own regulations with respect to appropriate public summary of such confidential information. The complaint further identifies various other instances in which CBP acted in an arbitrary and capricious manner and abused its discretion. The asserted legal arguments and detailed factual information provided in the Complaint demonstrate at least a fair chance of success

on the merits; accordingly, the second prong of the injunction test is satisfied.

### C. Granting the requested injunction is in the public interest.

This Court has previously recognized that granting a preliminary injunction against liquidation serves the public interest by "maintain[ing] the status quo of the unliquidated entries until a final resolution [on] the merits [is issued]." *SKF U.S.A. Inc. v. United States*, 316 F. Supp. at 1329. Here, the public interest is best served by granting the preliminary injunction to ensure that any AD/CVD ultimately assessed on the covered entries are accurate and in accordance with the final judgment of this Court. Leco Supply has, therefore, satisfied the requirements of in the public interest prong.

### D. The balance of hardships favors Leco Supply's motion.

The final prong of the preliminary injunction test – balance of hardships – requires the Court to determine which party will be most adversely affected by its decision to grant or deny a preliminary injunction motion. *See Ugine-Savoie Imphy v. United States*, 121 F. Supp. 2d 684, 688–89 (Ct. Int'l Tr. 2000); *see also Canadian Wheat Bd. v. United States*, 491 F. Supp. 2d 1234, 1247 (Ct. Int'l Tr. 2007). In this case, granting a preliminary injunction would merely temporarily delay the Defendant's ability to collect AD/CVD, whereas a denial of the motion for injunction would permanently and irreparably remove Leco Supply's ability to obtain relief with regard to the covered entries. Accordingly, the final prong of the test is satisfied.

### GOVERNMENT CONSENT TO MOTION

Via email dated April 15, 2021, counsel for the Defendant United States has indicated consent to this motion and to the language of the proposed Order.

### REQUEST FOR RELIEF

On the basis of the foregoing reasons, Plaintiff respectfully requests that the Court grant

this consent motion for a preliminary injunction against liquidation of the entries specified herein pending a final and conclusive court decision in this litigation, including all appeals and remand proceedings.

/s/ Heather Jacobson
Heather Jacobson, Esq.
**JUNKER & NAKACHI, P.C.**
999 Third Avenue, Suite 2525
Seattle, WA 98104
Tel: (206) 774-0927
hjacobson@tradelawcounsel.com
*Counsel for Plaintiff Leco Supply Inc.*

Dated: April 15, 2021