UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE MARK A. BARNETT, JUDGE

| | |
|---|---|
| LECO SUPPLY, INC., <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES, <br><br> Defendant, <br><br> v. <br><br> M&B METAL PRODUCTS CO., <br><br> Defendant-Intervenor. | Court No. 21-136 |

## **ORDER**

Upon review of defendant's motion for voluntary remand, and all other pertinent papers, it is hereby

ORDERED that the motion is granted; and it is further

ORDERED that the February 24, 2021 final administrative determination by U.S. Customs and Border Protection (CBP) in the administrative review of EAPA Case Number 7537 is remanded to CBP for further consideration; and it is further

ORDERED that the remand proceedings shall be completed and filed within ninety (90) days of the date of this Order; and it is further

ORDERED that the briefing under the current scheduling order is suspended; and it is further

2

ORDERED that this Court shall retain jurisdiction over this action during the period of remand.

Dated: _____        _____
       New York, NY                                                                 JUDGE

2

UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: THE HONORABLE MARK A. BARNETT, JUDGE

|  |  |
|---|---|
| LECO SUPPLY, INC., ) ) ) Plaintiff, ) ) v. ) ) ) UNITED STATES, ) ) Defendant, ) ) v. ) ) M&B METAL PRODUCTS CO., ) ) Defendant-Intervenor. ) ) | Court No. 21-136 |

**DEFENDANT'S MOTION FOR VOLUNTARY REMAND
AND TO SUSPEND THE CURRENT BRIEFING SCHEDULE**

Pursuant to Rule 7 of the Rules of the Court, defendant respectfully requests that the Court remand the February 24, 2021 final administrative determination by U.S. Customs and Border Protection (CBP) in the administrative review of the Enforce and Protect Act (EAPA), 19 U.S.C. § 1517, Consolidated Case No. 7537 against Leco Supply, Inc. (Leco). *See* ECF No. 19-3; Compl. ¶ 37. Remand would allow R&R to consider in the first instance certain documents inadvertently not transmitted to it when conducting its review under 19 U.S.C. § 1517(f) of the October 26, 2020 determination of evasion made by CBP's Trade Remedy & Law Enforcement Directorate (TRLED) (Determination). Remand would also allow the agency an opportunity to consider the allegations raised in plaintiff's complaint regarding CBP's compliance with its

regulations, and take any action it believes necessary to address and remedy any lack of adherence to its regulations.

As demonstrated below, our request for a voluntary remand for reconsideration is substantial and legitimate, conserves judicial resources, and fosters the just and efficient resolution of this matter. USCIT R. 1.

## BACKGROUND

On October 25, 2019, CBP initiated a formal EAPA investigation in response to an allegation of evasion filed by M&B Metals Products Company (M&B), a domestic producer of steel wire hangers. M&B alleged, in part, that Leco was evading the antidumping and countervailing duty orders (the Orders) on steel wire hangers from the Vietnam. *See* Public Admin. Rec. Doc. No. 12.

On October 26, 2020, TRLED rendered a determination of evasion. Public Admin. Rec. Doc. No. 771; Compl. ¶ 31. It determined that substantial evidence demonstrated that Leco entered steel wire hangers that were subject to the Orders by falsely claiming the country of origin as Laos, when the hangers were actually made in Vietnam. Compl. ¶ 31.

On February 24, 2021, following a *de novo* administrative review of TRLED's finding of evasion, R&R affirmed the finding of evasion. *See* Public Admin. Rec. Doc. No. 774; Compl. ¶ 37.

## ARGUMENT

**I.     Standard Of Review**

"When an agency action is reviewed by the courts, . . . the agency may request a remand, without confessing error, to reconsider its previous position." *SKF USA Inc. v. United States*, 254 F.3d 1022, 1029 (Fed. Cir. 2001). "{I}f the agency's concern is substantial and legitimate, a

2

remand is usually appropriate." *Id*. at 1029.  An agency's concerns are substantial and legitimate when "(1) [it] supports its request with a compelling justification, (2) the need for finality does not outweigh the justification, and (3) the scope of the request is appropriate." *Baroque Timber Indus. (Zhongshan) Co., Ltd. v. United States*, 925 F. Supp. 2d 1332, 1338-39 (Ct. Int'l Trade 2013) (citation omitted).  *See also Citizens Against Pellissippi Parkway Extension, Inc. v. Mineta*, 375 F.3d 412, 416 (6th Cir. 2004) (finding that the district court abused its discretion in denying voluntary remand that would have "cure[d] the very legal defects asserted by plaintiffs challenging federal action."); *SKF*, 254 F.3d at 1029-30 (stating that "a remand to the agency is required, absent the most unusual circumstances verging on bad faith," particularly with respect to a change in policy relating to the interpretation of an ambiguous statute).

**II.**     **Remand Is Warranted**

Our request for a voluntary remand for reconsideration is substantial and legitimate. First, CBP recently learned that certain documents collected during the investigation as part of the record were inadvertently not forwarded by TRLED to R&R for consideration during the administrative review.  *See* ECF No. 34-1 ¶ 6 (declaration identifying certain documents that were inadvertently not transmitted from TRLED to R&R for review).  R&R's consideration of the entirety of the record evidence is essential to ensure the accuracy and completeness of its final administrative determination.  *See* 19 U.S.C. § 1517(f) (providing for "*de novo* review of the determination" by R&R).  Therefore, we respectfully request voluntary remand to remedy this error.

We apologize to the Court and to the parties for any inconvenience caused by the inadvertent error in not transmitting these documents to R&R.  Should the Court grant our request for a remand, R&R will reopen the record and place on the record the missing

3

documents, allow additional party submissions as it deems appropriate, consider any such submissions, and render and file its remand determination with the Court within 90 days of the order granting our motion for voluntary remand.

Second, in its complaint, Leco alleges that CBP failed to comply with its regulations requiring public summarization of business confidential information. *E.g.*, Compl. ¶ ¶ 54-57. Recently, this Court remanded CBP's evasion determination in *Royal Brush v. United States*, in part because the Court found that CBP failed to afford Royal Brush the opportunity to be heard at a meaningful time and in a meaningful manner, because CBP procedurally erred in failing to ensure that confidential filings were accompanied by the requisite public summaries, as required by 19 C.F.R. § 165.4(a)(2). 483 F. Supp. 3d 1294, 1307-08 (Ct. Int'l Trade 2020). Leco raises nearly identical challenges here and identifies documents that it alleges were not accompanied by the requisite public summaries. *See* Compl. ¶ ¶ 54-57. While on remand, TRLED will review these allegations, and its compliance with 19 C.F.R. § 165.4, and take any action it believes necessary to address any lack of adherence to its regulations and resolve as appropriate.

Given the nature of our request for a remand, we also respectfully request that the current briefing schedule in this case be suspended. Because CBP has requested an expeditious remand, Leco will not be unduly prejudiced by the voluntary remand. Accordingly, our request for a voluntary remand for reconsideration is substantial and legitimate and should be granted.

Counsel for the Government has conferred with the counsel for Leco and M&B. Counsel for Leco has indicated that Leco opposes the relief requested and counsel for M&B has indicated that M&B does not oppose the relief requested.

For these reasons, we respectfully request that the Court grant our motion.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | BRIAN M. BOYNTON<br>Acting Assistant Attorney General |
|  | JEANNE E. DAVIDSON<br>Director |
|  | s/ Patricia M. McCarthy<br>PATRICIA M. MCCARTHY<br>Assistant Director |
| OF COUNSEL:<br>Jennifer L. Petelle<br>Attorney<br>U.S. Customs and Border Protection<br>Office of the Chief Counsel | s/ Ashley Akers<br>ASHLEY AKERS<br>Trial Attorney<br>U.S. Department of Justice<br>Civil Division<br>Commercial Litigation Branch<br>P.O. Box 480<br>Ben Franklin Station<br>Washington D.C. 20044<br>Tel: (202) 353-0521<br>Email: Ashley.akers@usdoj.gov |
| July 29, 2021 | Attorneys for Defendant |