UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: THE HONORABLE MARK A. BARNETT, JUDGE

|  |  |  |
|---|---|---|
| LECO SUPPLY, INC., | ) | |
| Plaintiff, | ) | |
| v. | ) | Court No. 21-136 |
| UNITED STATES, | ) | |
| Defendant, | ) | |
| v. | ) | |
| M&B METAL PRODUCTS CO., | ) | |
| Defendant-Intervenor. | ) | |

**RESPONSE TO DEFENDANT'S MOTION FOR VOLUNTARY REMAND**

Leco Supply Inc. ("Leco Supply") submits herein comments in opposition to the scope and structure of Defendant United States' Motion for Voluntary Remand. Although Leco Supply does not oppose remand at this stage of litigation in principle, it opposes Defendant's request for remand as written because the issues which Defendant proposes to review upon remand, and the actions it proposes to take, are not sufficiently specific to support its claim that the concerns on which the motion is based are substantial and legitimate. Defendant's proposed draft order is likewise too broad to be justifiable under this Court's accepted standards for assessing voluntary remand, as it provides no limit or structure whatsoever to the scope of the requested remand, stating only that the final EAPA determination is remanded "for further consideration."

Leco Supply requests that should this Court find it appropriate to grant remand at this point in the proceedings, that the Remand Order (1) enumerate the specific regulatory compliance issues

to be considered by U.S. Customs & Border Protection ("CBP") on remand, and (2) require CBP to permit submission of new arguments and evidence directly responsive to any public information or public summaries determined to have been withheld from the interested parties in violation of the regulations. The express inclusion of these provisions in the Remand Order is necessary to ensure that the additional burdens placed on the parties by voluntary remand, and the corresponding delay to these proceedings, will not be in vain.

**I.      Legal Framework**

Under the voluntary remand framework established by the U.S. Court of Appeals for the Federal Circuit in *SKF USA Inc. v. United States*, 254 F. 3d 1022 (Fed. Cir. 2001), an agency may request voluntary remand "in order to reconsider its previous position." *SKF*, 254 F.3d at 1029. Remand is "usually appropriate" if "the agency's concern is substantial and legitimate," although remand "may be refused if the agency's request is frivolous or in bad faith." *Id*.; *see also Ad Hoc Shrimp Trade Action Committee v. United States*, 882 F. Supp. 2d 1377, 1381 (Ct. Int'l Tr. 2013).

**II.     Remand to Consider Compliance with 19 C.F.R. § 165.4 Should Expressly Include Whether CBP Improperly Granted Business Confidential Treatment to Redacted Information.**

In its Motion for Voluntary Remand, Defendant states that the remand proceedings will include review of whether CBP failed to comply with its regulations requiring public summarization of business confidential information, "and its compliance with 19 C.F.R. § 165.4." *See* Def. Mot. For Vol. Remand at 4. This latter statement covers a whole host of potential areas of noncompliance. While Leco Supply supports a holistic review of CBP's compliance with 19 C.F.R. § 165.4 on remand in order to identify and correct all compliance issues that might have occurred whether or not previously identified, it requests that the Remand Order expressly stipulate that the review will cover whether information that was afforded business confidential treatment

2

and redacted pursuant to § 165.4(a)(1) and (e) qualified for such treatment under the definition provided in § 165.4(a).

In the course of review of the confidential administrative record documents made available to counsel for Leco Supply pursuant to the Protective Order in this proceeding, Leco Supply has identified a number of documents wherein information was redacted from the public version that did not satisfy the regulatory definition of information qualifying for business confidential treatment provided in 19 C.F.R. § 165.4(a), and which therefore should have been included in the public version of the document made available to the interested parties.[1] In some instances, none of the information in a business confidential document satisfied the regulatory definition of business confidential information, and the entire document should have been placed on the public record. The improper redaction of information, which was not visible to Leco Supply at the time its complaint was filed but which is nevertheless covered by Count I of the Complaint, concealed

---

[1] 19 C.F.R. § 165.4(a) provides that business confidential treatment is to be provided only for information that "consists of trade secrets and commercial or financial information obtained from any person, which is privileged or confidential in accordance with 5 U.S.C. 552(b)(4)." *See* 19 C.F.R. § 165.4(a). This definition applies equally to information submitted by interested parties and to information placed on the record by CBP. *Id.;* 19 C.F.R. § 165.4(e). 5 U.S.C. § 552 obligates federal agencies to make records available for public inspection upon request, in accordance with the Freedom of Information Act. Section 552(b) of the statute provides an enumerated list of information and records that are exempted from FOIA requests; subsection 552(b)(4) exempts "trade secrets and commercial or financial information obtained from a person and privileged or confidential."

The courts have defined confidential "commercial or financial information" for purposes of § 552(b)(4) to constitute information, "the disclosure of which is likely to have either of the following effects: (1) to impair the Government's ability to obtain necessary information in the future; or (2) to cause substantial harm to the competitive position of the person from whom the information was obtained." *See National Parks and Conservation Ass'n v. Morton,* 498 F.2d 765, 770 (D.C. Cir. 1974); *People for the Ethical Treatment of Animals v. U.S. Dept. Health and Human Services*, 901 F. 3d 343, 350 (D.C. Cir. 2018); *Animal Legal Defense Fund v. Food and Drug Administration*, 819 F.3d 1102, 1107 (9th Cir. 2016); *see also A. Hirsh, Inc. v. United States*, 657 F. Supp. 1297, 1302 (Ct. Intl. Tr., 1987). Information that has already been made publicly available has been held not to be "confidential" within the meaning of § 552(b)(4). *See R&W Flammann GMBH v. United States*, 339 F.3d 1320 (Fed. Cir. 2003).

from Leco Supply information that it should have received during the investigation, and in so doing denied Leco Supply the opportunity to submit arguments and evidence in rebuttal to that improperly concealed information.

The potential prejudicial impact of improper redaction of information, which should have remained in the public record and been made available to the interested parties, can scarcely be overstated. Therefore, in order to qualify as "non-frivolous," any remand for the purpose of reviewing compliance with 19 C.F.R. § 165.4 must include a detailed review of the confidential record to determine whether all designations of business confidential information are in compliance with the regulatory definition. Accordingly, the instant Motion for Voluntary Remand should not be granted unless the remand review will include this issue.

As Defendant will no doubt point out, its request for remand to consider "compliance with 19 C.F.R. § 165.4" already encompasses consideration of CBP's compliance with the definition of business confidential information in § 165.4(a). However, given the potential scope and significance of this particular recently-discovered noncompliance issue and the fact that this issue is not expressly referenced in the Complaint, Leco Supply submits that it is appropriate and desirable for this issue to be expressly included in the stated scope of the Remand Order. As CBP presumably already intends to consider this issue in its remand review, Leco Supply sees no reason why Defendant should object to an express statement to that effect.

**III. Remand Proceedings Must Include an Opportunity for the Interested Parties to Submit Arguments and Evidence Directly Responsive to Any Public Information or Public Summaries Found to Have Been Improperly Withheld From the Interested Parties During the Investigation.**

The Defendant's Motion for Voluntary Remand expressly omits any stipulation that the interested parties will be permitted to file arguments or evidence during the remand proceedings. With respect to the documents that were not transmitted to the CBP Office of Trade Regulation

and Rulings ("R&R") for review, Defendant states that CBP will "allow additional party submissions <u>as it deems appropriate</u>." *See* Def. Mot. For Vol. Remand at 3 (emphasis added). With respect to review of its compliance with § 165.4, Defendant states only that it will "take any action it believes necessary to address any lack of adherence to its regulations and resolve as appropriate." *Id*. at 4.

Leco Supply submits that review by CBP of its compliance with regulations relating to what information must be provided to the interested parties during the investigation is meaningless unless the parties are afforded the opportunity to submit arguments and evidence directly responsive to any public information or public summaries that CBP finds were improperly withheld. If CBP failed to fully comply with 19 C.F.R. § 165.4, then by definition it failed to provide to Leco Supply information placed on the record of the investigation to which Leco Supply was entitled. Because Leco Supply did not receive that improperly withheld information, it did not have the opportunity to submit information and evidence to impeach, rebut, clarify, or supplement that withheld information. CBP, in turn, did not review that impeaching, rebutting, clarifying, and/or supplementing information or evidence in making its determination of whether substantial evidence existed of evasion by Leco Supply, and that omission may have affected its ultimate determination. As such, the only way to remediate CBP's noncompliance with 19 C.F.R. § 165.4 is to allow Leco Supply (and the Defendant-Intervenor) to submit new evidence and arguments. In this context, any remand proceeding that finds noncompliance with § 165.4 but does not permit submission of new evidence and argument is the very definition of "in bad faith."

Defendant's Motion for Voluntary Remand does not foreclose the possibility that interested party submissions would be allowed, but neither does it say that such submissions will be permitted. Given the significance of this issue to the underlying purpose of the requested

remand, and the effect on these proceedings if such submissions were not permitted, Leco Supply submits that it is appropriate and necessary to expressly include in the Remand Order instructions with regard to circumstances under which the parties will be permitted to submit arguments and evidence for consideration by CBP.

For the foregoing reasons, Leco Supply requests that Remand be granted only subject to the terms in the attached Draft Order.

Respectfully Submitted,

/s/ Heather Jacobson
Heather Jacobson
Junker & Nakachi P.C.
999 Third Avenue, Suite 2525
Seattle, WA 98104
Tel: (206) 774-0927
Email: hjacobson@tradelawcounsel.com

Counsel for Plaintiff Leco Supply Inc.

July 30, 2021

UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: THE HONORABLE MARK A. BARNETT, JUDGE

| | |
|---|---|
| LECO SUPPLY, INC., <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES, <br><br> Defendant, <br><br> v. <br><br> M&B METAL PRODUCTS CO., <br><br> Defendant-Intervenor. | Court No. 21-136 |

# **ORDER**

Upon review of defendant's motion for voluntary remand and the parties' responses thereto, it is hereby

ORDERED that the February 24, 2021 final administrative determination by the U.S. Customs and Border Protection (CBP) in the administrative review of EAPA Case Number 7357 is remanded for further consideration; and it is further

ORDERED that such consideration shall be restricted to the following matters:

1. Whether certain documents collected during the investigation as part of the record were not forwarded to R&R for consideration during the administrative review;

2. Whether CBP failed to comply with its regulations requiring public summarization of business confidential information pursuant to 19 C.F.R. § 165.4(a)(1), (e);

3. Whether CBP failed to comply with its regulations regarding the type of information for which business confidential treatment is permitted pursuant to 19 C.F.R. § 165.4(a); and

4. Whether CBP failed to comply with any other regulatory requirements in 19 C.F.R. § 165.4; and it is further

ORDERED that the Plaintiff and Defendant-Intervenor shall be afforded opportunity to submit information and evidence in support or opposition to any information that is determined to have been improperly omitted from the public record during the investigation, and that such information and evidence shall be given due consideration by CBP on remand; and it is further

ORDERED that the remand proceedings shall be completed and filed within ninety (90) dates of the date of this Order; and it is further

ORDERED that the briefing schedule under the current scheduling order is suspended; and it is further

ORDERED that this Court shall retain jurisdiction over this action during the period of remand.

_____
CHIEF JUDGE

Dated: _____
New York, New York